IN THE MATTER OF THE APPEAL OF THE HAWAI-
IAN COMMERCIAL AND SUGAR COMPANY
RESPECTING STAMP DUTY UPON A CERTAIN
TRUST DEED.

APPEAL FROM THE ASSESSMENT OF STAMP DUTY MADE BY THE
MINISTER OF FINANCE.

SUBMITTED OCTOBER 22, 1896.    DECIDED NOVEMBER 21, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Stamp duty.
An instrument held to be a mortgage and not an assignment or trans-
fer of a former mortgage, and therefore liable to stamp duty as
a mortgage.

OPINION OF THE COURT BY WHITING, J.

STATEMENT OF FACTS.

1.   The Hawaiian Commercial and Sugar Company, a for-
eign corporation doing business in the Hawaiian Islands, pre-
sented at the office of the Registrar of Conveyances in Honolulu,
to be placed of record, a certain deed of trust from said cor-
poration to Sir W. Lawrence Young, Bart., and S. F. Hoffnung-
Goldsmid, Esq., of London, England, conveying certain prop-
erty in the Hawaiian Islands to said Young and Goldsmid in
trust, to secure the payment to bondholders of the sum of one
hundred and fifty thousand pounds sterling (seven hundred and
twenty-six thousand dollars), a copy of which deed is hereto
annexed and by reference made a part hereof.

2. The said Hawaiian Commercial and Sugar Company, by its attorneys, claimed that the only stamp duties due and payable upon the said deed, to entitle the same to be recorded in said office, were the sum of one dollar, being the amount provided by statute for stamps upon deeds of assignment of property, real or personal, not otherwise charged, or for a "release, assignment, reconveyance or other discharge of mortgage." The Registrar of Conveyances claimed that the stamp duties due and payable upon the said deed were the sum of two thousand one hundred and sixty-six dollars ($2,166), for stamps upon a "mortgage or charge on or affecting any land or property, real or personal whatsoever," or otherwise. The Registrar of Public Accounts, the instrument being presented to him according to law, assessed the stamp duties at the same sum. The Minister of Finance, the matter being referred to him according to law, assessed the stamp duties in the same sum. The said corporation, being dissatisfied with said assessment, duly paid said sum under protest, and deposited with the Minister of Finance the further sum of ten dollars ($10) for costs of an appeal to the Supreme Court.

Chapter 103, Laws of 1892, relating to stamp duties, contains the schedule of instruments required to be stamped and the stamp duties, included in which are the following:

Assignment of property, real or personal not otherwise charged . ............................ ........... $1.00

Conveyances upon trust for sale as security, same duty as upon a mortgage.

Mortgage, or charge on, or affecting any lands, or property real or personal whatsoever.

Also any conveyance of lands, estate or property whatsoever in trust, to be sold or converted into money which shall be intended only as a security, and shall be redeemable before the sale or disposal thereof, either by express stipulation or otherwise (except where for benefit of creditors generally).

Where as security for payment of any definite and certain sum of money advanced, or lent at the time, or previously due and owing, or forborne to be paid being payable, not exceeding $1000 . . . . . . . . . . . .    $1.00

And for every additional $1000 or fractional part thereof, not exceeding $10,000 . . . . . . . . . . . . . . . . . . .    2.00

And for every additional $1000 when the amount secured is over $10,000 . . . . . . . . . . . . . . . . . . . . . .    3.00

Release, assignment, reconveyance or other discharge of mortgage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1.00

Extracts from the Deed of mortgage and trust for securing debentures bearing on this question. The Hawaiian Commercial and Sugar Company of San Francisco, California, U. S. to Sir William Lawrence Young and Sidney Francis Hoffnung-Goldsmid, of London, England: Whereas, &c. Resolution to issue £150,000 in 1500 debentures or bonds of £100 each repayable October 1st, 1901 to 1906, at rate of £110 each and up to 1916, at rate of £105 each, interest at $5\frac{1}{2}$ per cent. per annum * * * *.

And whereas the company has already made an issue of bonds in U. S. currency, whereof bonds to the nominal amount of $900,000 are outstanding, and for securing the due payment of the interest thereon and the re-payment of the principal, has executed a deed of mortgage dated April 1, 1885, over certain of its property to trustees named in such deed, and it is intended that such bonds shall be paid off and cancelled and such deed of mortgage shall be discharged before any of the debentures or bonds authorized by the said resolution are issued.

And whereas, * * * the company has * * * further resolved and determined to execute and deliver to the trustees hereto parties, as trustees in trust for the holders of said debentures and coupons *pari passu* a conveyance by way of mortgage of all its property, real and personal, &c.

Now therefore these presents witness that the company in pursuance of the above resolution and for the purpose of secur-

ing the payment of the said debentures and coupons and of one dollar paid, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, &c., to the trustees parties hereto, all and singular the lands and other property of the company: * * *

And this indenture further witnesseth: none of the said debentures shall be issued until the whole of the $900,000 or thereabouts of bonds which have already been issued by the company and are outstanding as aforesaid shall have been redeemed and cancelled and the said deed of April 1, 1885, for securing the same shall have been discharged.

This deed of mortgage also contains provisions for foreclosure and sale in case of default and breach of various conditions.

No briefs were filed by either counsel.

We cannot hold this instrument as an assignment of property, real or personal, not otherwise charged, and liable only to a stamp duty of $1. On its face it clearly is not only "a conveyance upon trust for sale as security" and liable to the same duty as upon a mortgage, but it is also as clearly a mortgage in full and complete terms.

It is claimed that this instrument is equivalent to a transfer or assignment of the first deed of trust and mortgage to the trustees in California, and liable to stamp duty of $1. only, because although the form is that of a new mortgage, yet in matter of fact, the same debt remains owing by the company although in less amount, and that it is simply to that amount a transfer; no new or additional loan is actually made but that new parties advance the money for the same loan, that is, pay off the first trustees and take the security to themselves.

We cannot adopt this view. In the case of the *United States v. Isham*, 17 Wallace, 496, the court held that "the liability to a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself."

The California trustees in no way join in this instrument to assign or transfer their security to the London trustees, but

on the contrary they are to be paid off, their bonds and mortgage cancelled and discharged.

It differs from the case of *Wale v. Commissioners of Inland Revenue*, L. R. 4 Ex. D. 270, where the original mortgagees joined in a mortgage of the same property to another party and transferred their rights and the property to the new mortgagee who paid off the first mortgage, and the court held that transaction a transfer or assignment of the mortgage.

We are of opinion that the stamp duty assessed at $2166 was correct and decide that the Hawaiian Commercial and Sugar Company do pay the same.

*Thurston & Stanley*, for petitioners.

*Atty. Gen'l W. O. Smith*, contra.